## JOHN POPP

*vs.*

## GREEK CATHOLIC UNION OF RUSSIAN BROTHERHOOD OF THE U. S. A.

Superior Court        Fairfield County        File No. 57843

MEMORANDUM FILED APRIL 18, 1940.

*Jacob Greenspun,* of Bridgeport, for the Plaintiff.

*Reich & Reich,* of Bridgeport, for the Defendant.

MUNGER, J. The plaintiff sues to recover for unlawful suspension from the defendant society. On February 10, 1939, he was first vice president and president of the gymnastic branch of the defendant. On this day, the supreme president, Sekerak, notified the plaintiff in writing of his suspension based upon a violation of paragraph 14, part 5, of the constitution and by-laws of the defendant order.

This was not final action, and was not intended to be such. It was followed by a notice to the plaintiff dated March 2, 1939, and signed by Sekerak, supreme president, of a meeting to be held March 14, 1939, specifying the place, at 10 o'clock a.m., at which meeting it was said the suspension order "will be finally adjudicated."

The matter of the plaintiff's suspension was considered at this meeting, and he was notified on March 15, 1939, as follows: "Your suspension, of which you were notified and received a copy thereof, has been fully considered and acted upon." The notice then states the act of suspension.

The plaintiff, although notified of this meeting, did not at-

tend it, and gave no reason for his absence, except that he did not consider that he had been suspended.

The president of the defendant did not assume to suspend the plaintiff; his act of suspension was tentative and provisional merely, and awaited the action of the supreme assembly for final adjudication. The constitution and by-laws of the defendant order clearly gives the president the right to make this provisional suspension, and clearly gives to the supreme assembly the right to ratify it and to take the action which it did suspending the plaintiff. I can find nothing in the constitution or by-laws which makes the action of the defendant illegal or arbitrary, or in any way unlawful. He was informed of the nature of the charge against him; that is to say, of the exact provision of the constitution which it was claimed he had violated, and was given ample notice of the time and place when he might be heard with respect to such charges. He deliberately chose to remain away and cannot be heard to complain.

Furthermore, it is clear that pursuant to the provisions of the constitution and by-laws, he did have a right of appeal from the action of the supreme assembly, which he has not exercised. The constitution and by-laws expressly provide that a member shall exhaust all remedies given to him by the by-laws within the order before seeking redress in court.

The plantiff does not dispute that he was required to exhaust all remedies within the order as a general rule of law, nor indeed could this be disputed, since that is not only the general rule of law, but a member is more stringently bound to exercise these remedies when the provisions of the by-laws themselves compel him to take advantage of them, as pointed out in *Gardner vs. East Rock Lodge,* 96 Conn. 199.

The plaintiff, however, says that he was under no obligation to attend the meeting of the supreme assembly, although notified of its time and place of meeting, and that his suspension did not require him to seek any redress within the order, because this suspension resulted from action by the defendant which was taken without any jurisdiction. The plaintiff cites as authority the *Gardner* case above noted. The distinction between that and the instant case is plain. In that case, the lodge took action requiring the plaintiff to pay money which the lodge claimed was due to it, and the suspension was until such time as this money should be paid. It was not a suspen-

sion as a matter of discipline. The very essence of the case was expressed in the opinion at page 210: "The lodge was never authorized to sit as a court of law to adjudicate upon the recovery of money from its members." This was the reason why the act was without jurisdiction, and it was not in any way apposite or helpful to a determination of the present controversy. Here it can only be said that there does appear to have been abundant jurisdiction, and that all the necessary steps were taken to treat the plaintiff fairly.

The evidence, in my opinion, shows no cause for complaint, nor affords any ground upon which a recovery may be based.

Judgment must be rendered for the defendant.